PER CURIAM.
By petition filed in this Court, relator applies to our original jurisdiction to issue writs of -habeas corpus, A.rt. 7, Section 2, La.Constitution, LSA. Relator is confined at the East Louisiana State Hospital for the mentally ill at Jackson, Louisiana pursuant (according to the allegations of his petition) to a letter of the Attorney General of the United States, arising from a commitment in a United States District Court criminal proceeding which subsequently has been dismissed. According to the allegations of relator’s petition, a staff conference at the East Louisiana State Hospital has found relator presently sane.
The petition was originally presented to the Twentieth Judicial District Court, which has jurisdiction over the East Louisiana State Hospital. It refused to issue the writ of habeas corpus prayed for by relator’s petition.
The allegations of the petition apparently justify issuance of a writ of habeas corpus. However, as stated by us, In re Ingram, La.App., 82 So.2d 788, this and other appellate courts may decline to issue the writ, in view of their primary appellate function, referring the matter to the district court or courts with original jurisdiction. However, wé do not have supervisory jurisdiction as does the Supreme Court to mandamus the appropriate district court to issue a writ of habeas cor *186 pus, see Ex parte Ryan, 124 La. 356, 369, 50 So. 385.
For these reasons we are denying relator’s application for the writ of habeas corpus, without prejudice to his reapplication to the Twentieth Judicial District Court, or to the supervisory jurisdiction of the Supreme Court of the State of Louisiana.
Application for writ of habeas corpus refused.